IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Vaughn Williams, ) | C/A No. 0:13-1005-RMG-PJG |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Joseph McFadden, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

    Petitioner Vaughn Williams ("Williams"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 24.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Williams was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 26.) Williams filed a response in opposition. (ECF No. 29.) Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion for summary judgment should be granted and Williams's Petition denied.

## BACKGROUND

    Williams was indicted in January 2004 in Beaufort County for attempted burglary in the first degree (04-GS-07-134). (App. at 299-300, ECF No. 25-2 at 150-51.) Williams was represented by Douglas G. Borsich, Esquire, and on February 9-10, 2004 was tried by a jury and found guilty as charged. (App. at 211, ECF No. 25-2 at 62.) The circuit court sentenced Williams to nineteen years' imprisonment. (App. at 217, ECF No. 25-2 at 68.)

Williams timely appealed and was represented by Eleanor Duffy Cleary, Esquire, of the South Carolina Office of Appellate Defense, who filed an <u>Anders</u>[1] brief on Williams's behalf that presented the following claim:

> Did the trial court lack subject matter jurisdiction to convict appellant of attempted first-degree burglary where the indictment did not allege the essential elements of the offense—specifically the indictment failed to allege that he intended to commit a crime?

(ECF No. 25-3 at 4.) Williams filed a *pro se* brief on June 17, 2005 that presented claims alleging ineffective assistance of trial counsel in that counsel: (1) failed to object to the photo line-up; (2) failed to challenge Ms. Bancroft's in-court identification; (3) failed to object to the trial judge's ruling allowing a fingerprint card into evidence; (4) failed to challenge the jurisdiction of the circuit court where Williams alleges the indictment "is missing an essential element of the offense," *i.e.* an allegation of the requisite intent. (ECF No. 25-5.) Although Williams attempted to amend his *pro se* brief in September 2005, the South Carolina Court of Appeals returned his document as untimely filed. (ECF No. 25-6.) On December 21, 2005, the South Carolina Court of Appeals issued an order dismissing Williams's appeal. (<u>State v. Williams</u>, Op. No. 2005-UP-646 (S.C. Ct. App. Dec. 21, 2005); ECF No. 25-7.) Williams filed a *pro se* petition for rehearing (ECF No. 25-8), which was denied by order dated February 16, 2006 (ECF No. 25-9). The remittitur was issued on March 28, 2006. (ECF No. 25-10.)

---

[1] <u>Anders v. California</u>, 386 U.S. 738 (1967). <u>Anders</u> requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. <u>Anders</u>, 386 U.S. at 744.



Williams filed a *pro se* application for post-conviction relief on March 24, 2006 ("2006 PCR") in which he alleged ineffective assistance of counsel in that: (1) "testimony of victim's relevant on credibi[li]ty issue;" and (2) "no pretrial identification." (<u>Williams v. State of South Carolina</u>, 06-CP-07-1014; App. at 219-25, ECF No. 25-2 at 70-76.) The State filed a return. (App. at 226-30, ECF No. 25-2 at 77-81.) Williams, purportedly through counsel,[2] amended his application on July 11, 2007, in which he raised the following claims:

> A) Trial Counsel failed to object to defect in defendant's Attempt Burglary 1st degree indictment[;]
>
> B) Trial Counsel failed to show that in-court identification was inadmissible, where impermissibly suggestive and unre[]liable out-of court identification procedure created a substantial likelihood of irreparable misidentification[;]
>
> C) Trial Counsel introduce Prior Bad Act of defendant during opening and closing statement to the jur[]ors. And during cross-examination of state witness[;]
>
> D) Trial Counsel failed to impeach victim relevant credi[]bilty testimony of No Out-of-Court identification of defendant, during cross-examination[;]
>
> E) Trial Counsel failed to show state Exhibit 9 Photographic wasn't an accurate and fair representation of defendant, in an out-of-court identification[.]

(ECF No. 25-11.) On April 14, 2009, the PCR court held an evidentiary hearing at which Williams appeared and testified and was represented by Jared Newman, Esquire. At the beginning of the hearing, counsel for Williams submitted an amendment to Williams's PCR application in which he alleged a claim of ineffective assistance of counsel in that trial counsel failed to meaningfully impeach on cross-examination the state's witness—Ms. Bancroft—and her prior testimony of identifying Williams in an out-of-court identification procedure. (App. at 233-34, ECF No. 25-2 at

---

[2] According to the respondent, several attorneys were initially appointed to represent Williams. (<u>See</u> ECF No. 25 at 4.) Ultimately, Jared Newman, Esquire, was appointed to represent Williams by order dated August 13, 2007. (ECF No. 25-12.)



84-85.) By order filed May 5, 2009, the PCR judge denied and dismissed with prejudice Williams's PCR application. (App. at 277-83, ECF No. 25-2 at 128-34.)

Williams filed a *pro se* notice of appeal on September 23, 2009. (ECF No. 25-16.) By letter dated October 9, 2009, the Clerk of the South Carolina Supreme Court requested that PCR counsel provide the Court with the date that counsel had received written notice of the entry of the PCR court's order so that the timeliness of Williams's appeal could be determined. (ECF No. 25-17.) PCR counsel failed to respond to the Clerk's letter. On November 10, 2009, the South Carolina Supreme Court dismissed Williams's notice of appeal based on Williams's failure to establish that the notice of appeal had been timely served on counsel for the respondent as required by SCACR 243(b). (ECF No. 25-18.)

Williams filed a second *pro se* application for post-conviction relief on November 30, 2009 ("2009 PCR") in which he alleged that his prior PCR counsel had failed to seek appellate review of the denial of his 2006 PCR action. (Williams v. State of South Carolina, 2009-CP-07-5709; App. at 284-90, ECF No. 25-2 at 135-41.) The State filed a return. (App. at 291-95, ECF No. 25-2 at 142-46.) With consent of the parties, the PCR judge issued an order on May 11, 2010 dismissing Williams's 2009 PCR with prejudice but granting Williams leave to file a belated petition to seek appellate review of his 2006 PCR application pursuant to Austin v. State.³ (App. at 296-98, ECF No. 25-2 at 147-49.)

---

³ Austin v. State, 409 S.E.2d 395 (S.C. 1991). "Under Austin, a defendant can appeal a denial of a PCR application after the statute of limitations has expired if the defendant either requested and was denied an opportunity to seek appellate review, or did not knowingly and intelligently waive the right to appeal." Odom v. State, 523 S.E.2d 753 (S.C. 1999); see also King v. State, 417 S.E.2d 868 (S.C. 1992) (explaining the appellate procedure in an Austin matter).



On appeal, counsel for Williams filed a <u>Johnson</u>[4] petition for a writ of certiorari that raised the following issue:

> Trial counsel erred in failing to advise and urge petitioner to accept rather than reject the state's plea offer on the attempted burglary charge because the existence of petitioner's fingerprint on the rail outside the window, which was the point of attempted entry, coupled with an identification of him as the perpetrator clearly established sufficient evidence upon which to obtain a conviction in the case.

(ECF No. 25-20 at 3.) Williams submitted a *pro se* response to the <u>Johnson</u> petition in which he raised the following issues as summarized by the respondent:

> 1. Trial counsel was ineffective for failing to object to, and to specif[y] the defectiveness of the deficiencies of Petitioner's attempted burglary first degree indictment;
>
> 2. Trial counsel was ineffective in referencing Petitioner's prior burglary conviction during opening and closing;
>
> 3. Appellate counsel on direct appeal was ineffective in failing to raise a directed verdict issue;
>
> 4. Trial counsel was ineffective in failing to object to chain of custody and preservation of print evidence;
>
> 5. Trial counsel was ineffective in failing to meaningfully cross-examine and impeach Ms. Bancroft with extrinsic evidence of prior testimony regarding identification.

(<u>See</u> ECF No. 25 at 3-4; <u>see also</u> ECF No. 25-23.) On March 7, 2013, the South Carolina Court of Appeals issued an order in which it granted the petition for a writ of certiorari seeking a belated appeal pursuant to <u>Austin v. State</u> and, after <u>Johnson</u> review, denied Williams's petition for a writ of certiorari from the final order in the 2006 PCR action. (ECF No. 25-24.) The remittitur was issued March 25, 2013. (ECF No. 25-25.) This action followed.

---

[4] <u>Johnson v. State</u>, 364 S.E.2d 201 (S.C. 1988) (applying the factors in <u>Anders v. California</u>, 386 U.S. 738 (1967) to post-conviction appeals).



## FEDERAL HABEAS ISSUES

Williams's federal petition for a writ of habeas corpus raises the following issues:

**Ground One:** Insufficient of the Indictment/Ineffective assistance of counsel
**Supporting Facts:** Defendant 6th, 5th, and 14th Amendment right and procedure due process violation occurs. The Attempt Burglary First Degree Indictment is not substantially in the language, of the common law. As in Article I Section II, 17-19-20 1) enumerate all the elements of the charge offense. 2) recite the factual circumstance under which the offense occurred.

**Ground Two:** Prior Bad Act/ Ineffective Assistance of Counsel
**Supporting Facts:** Trial counsel violated Defendant 6th Amendment Right Trial Counsel conceded in his argument to the jury, during opening and closing statement, and cross-examination of defendant prior conviction, As Evidence of other crimes, wrong, or acts. Is not admissible to prove the character of a person in order to show action in conformity therewith.

**Ground Three:** Impeach state witness prior testimony on cross-examination of identifying defendant in out-of-court
**Supporting Facts:** Trial counsel violated defendant 6th amendment right of the confrontation clause to meaningful impeach on cross examination of an adverse witness, to test credibility. By improperly restricted, by limited the scope of cross-examination design to show prototypical form of contradicting.

**Ground Four:** Ineffective assistance of counsel/Insufficient of the chain of custody
**Supporting Facts:** Defendant denial of procedural due process of 5th and 14th amendment occurs, when the state fails to establish a sufficient chain of custody of the preservation, of the weight of the latent fingerprint image of state Exhibit 2, Procedure's approved by State Law Enforcement Division Protocul.

(Pet., ECF No. 1) (errors in original).

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish

Page 6 of 20



the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c)), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

PJG

**B.    Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d)(1), (2).  When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (describing an "unreasonable application" as "objectively unreasonable, not merely wrong" and that "even clear error will not suffice") (internal quotation marks and citation omitted); Harrington v. Richter, 131 S. Ct. 770, 785 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004).  Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 131 S. Ct. at 786 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)); see also White, 134 S. Ct. at 1702 (stating that " '[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law



beyond any possibility for fairminded disagreement' ") (alteration in original) (quoting Harrington, 131 S. Ct. at 786-87). Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review. Harrington, 131 S. Ct. at 785. Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. See id. at 784 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. Id. Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. Id. at 786. "If this standard is difficult to meet, that is because it was meant to be." Id. Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

**C.     Exhaustion Requirements**

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), abrogated on other grounds by United States v. Barnette, 644 F.3d 192 (4th Cir. 2011); see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 471 S.E.2d 454, 454 (S.C. 1990) (holding that "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have



exhausted all available state remedies."). To exhaust his available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks and citation omitted). Thus, a federal court may consider only those issues which have been properly presented to the state appellate courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth, 377 F.3d 437; see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

**D.     Summary Judgment Motion**

    **1.     Procedural Bar of Grounds Three and Four (Preservation of Evidence)**

As an initial matter, respondent argues that Grounds Three and Four of Williams's Petition are procedurally barred from federal habeas review. (ECF No. 25 at 15.) Specifically, Williams alleges that trial counsel failed to impeach a state witness, Ms. Bancroft, on cross-examination to test her credibility (Ground Three). (ECF No. 1 at 8.) Williams further alleges that trial counsel failed to challenge a chain of custody associated with a latent fingerprint image and failed to challenge the preservation of such evidence (Ground Four).[5] (ECF No. 1 at 9-10.) Upon review of the record, the

---

[5] It appears that PCR counsel split this issue into two parts during the PCR hearing, arguing that trial counsel was ineffective in allegedly failing to: (1) challenge the chain of custody; and (2) challenge the method of evidence preservation. (App. at 249-51, ECF No. 25-2 at 100-02.)



court finds that Ground Three and Ground Four, to the extent that Williams is alleging trial counsel's failure to challenge the preservation of fingerprint evidence, are procedurally barred because they were not addressed by the PCR court. See Coleman, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review); Picard v. Connor, 404 U.S. 270, 275-76 (1971) (stating that to exhaust state remedies, a petitioner's "federal claim must be fairly presented to the state courts" to give the state courts "the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding"). Moreover, these Grounds would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules if Williams attempted to raise them now. See Lawrence, 517 F.3d at 714; Longworth, 377 F.3d 437; see also Coleman, 501 U.S. 722.

In response to the respondent's motion for summary judgment, Williams reiterates his arguments for Grounds Three and Four, but fails to address respondent's claim that such grounds are procedurally defaulted. (ECF No. 29 at 10-14.) The record indicates that the PCR court failed to rule on Ground Three and Ground Four's preservation of evidence issue.[6] See, e.g., Rule 243(e), SCACR (discussing the content of a petition for writ of certiorari to review PCR actions, including the questions presented for review and that "[t]he argument on each question shall include citation of authority and specific reference to pertinent portions of the lower court record"); Longworth, 377

---

[6] There is no indication in the record that Williams filed a Rule 59(e) motion asking the PCR judge to make specific findings of fact and conclusions of law on any of these allegations. Therefore, even if these grounds were raised in the PCR action, they would not have been preserved for appellate review under state procedural rules. See Humbert v. State, 548 S.E.2d 862, 866 (S.C. 2001) (holding that an issue muse be raised to and ruled on by the PCR court to be preserved for appellate review); Marlar v. State, 653 S.E.2d 266, 267 (S.C. 2007) ("Because respondent did not make a Rule 59(e) motion asking the PCR judge to make specific findings of fact and conclusions of law on his allegations, the issues were not preserved for appellate review.").



F.3d at 448 (stating to exhaust his available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim," *i.e.*, "the ground must be presented face-up and squarely") (internal quotation marks and citation omitted). Therefore, Ground Three and Ground Four's preservation of evidence issue are procedurally barred unless Williams can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. As Williams makes no argument to demonstrate cause for the default, actual prejudice resulting from the alleged violation of federal law, or that failure to consider the claims will result in any fundamental miscarriage of justice, Coleman, 501 U.S. at 750, the court concludes that Ground Three and Ground Four's preservation of evidence claim are procedurally barred. Ground Four's claim associated with trial counsel's alleged failure to challenge the chain of custody related to fingerprint evidence is addressed below.

### 2. Grounds One, Two, and Four (Chain of Custody)

Williams's Petition contains two properly exhausted claims (Grounds One and Two) and one partially exhausted claim (Ground Four) alleging that trial counsel was ineffective. Specifically, Williams argues that trial counsel was ineffective in failing to: (1) challenge an allegedly insufficient indictment (Ground One); (2) object to the admission of Williams's "prior bad acts" during opening and closing statements (Ground Two); and (3) challenge the chain of custody for fingerprint evidence (Ground Four).

a.  **Controlling Law Regarding Allegations of Ineffective Assistance of Counsel**

A defendant has a constitutional right to the effective assistance of counsel. To demonstrate ineffective assistance of counsel, a petitioner must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").

To satisfy the first prong of Strickland, a petitioner must show that trial counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. With regard to the second prong of Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Prejudice may be presumed when (1) a defendant is completely denied counsel at a critical stage of his trial, (2) counsel "entirely fails to subject the prosecution's case to a meaningful adversarial testing," or (3) "although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial." United States v. Cronic, 466 U.S. 648, 659 (1984).

The United States Supreme Court has cautioned federal habeas courts to "guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d)." Harrington v. Richter, 131 S. Ct. 770, 788 (2011). The Court observed that while " '[s]urmounting Strickland's high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of

Strickland was unreasonable under § 2254(d) is all the more difficult." Id. (quoting Padilla v. Kentucky, 559 U.S. 356, 371 (2010)). The Court instructed that the standards created under Strickland and § 2254(d) are both " 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." Id. (citations omitted). Thus, when a federal habeas court reviews a state court's determination regarding an ineffective assistance of counsel claim, "[t]he question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id.

Although the Supreme Court has held that a decision containing a reasoned explanation is not required from the state court, in the case at bar this court has the benefit of the PCR court's written opinion, certiorari review of which was denied by the South Carolina Court of Appeals. See, e.g., Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991) (indicating that when a state appellate court affirms a lower court decision without reasoning, the court may look through the later, unreasoned, summary disposition and focus on the last reasoned decision of the state court). Having reviewed the PCR court's order pursuant to the § 2254 standard, the court finds for the reasons that follow that the state court did not unreasonably misapply the Strickland test in determining that no Sixth Amendment violation occurred.

### b.   PCR Court Testimony and Findings

#### i.   Failure to Challenge Insufficient Indictment[7]

At the PCR hearing, Williams testified that trial counsel failed to object to the insufficiency of the indictment or make a motion to quash the indictment. (App. at 238, ECF No. 25-2 at 89.) Williams further testified that his indictment was defective and insufficient because it failed to allege the intent to commit a crime. (Id.) Williams stated that he did not realize his indictment was insufficient until after his incarceration when he began visiting a law library. (App. at 239; ECF No. 25-2 at 90.) Trial counsel, Douglas Borsich, testified that he recalled going over the indictment with Williams and did not remember any element missing from the indictment. (App. at 263; ECF No. 25-2 at 114.) Borsich further stated that if any element had been missing, he "would have made a motion to that effect." (Id.)

In rejecting Williams's claim of ineffective assistance of counsel associated with the failure to object to the indictment, the PCR court found that Williams's testimony was not credible and that trial counsel's testimony was credible. (App. at 280; ECF No. 25-2 at 131.) The PCR court further found that trial counsel, "who has extensive experience in the trial of serious offenses," discussed the elements of the charge with Williams. (Id.) The PCR court held that "counsel was not ineffective for failing to challenge the indictment" and that trial counsel did not see any problems

---

[7] To the extent that Williams's Petition may be construed as alleging a lack of subject matter jurisdiction based on an insufficient indictment, he is not entitled to habeas relief. Whether the state court lacked subject matter jurisdiction is a question of state law, which is not cognizable in this federal habeas action. See Wright v. Angelone, 151 F.3d 151, 158 (4th Cir. 1998) (concluding that because a petitioner's allegations that circuit court lacked jurisdiction over certain counts of an indictment rested solely upon interpretation of state laws, it was not cognizable on federal habeas review absent a showing of "complete miscarriage of justice"); see also Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas corpus court to reexamine state-court determinations on state-law questions.").



with the indictment and "testified that he would have challenged them if he did." (App. at 281; ECF No. 25-2 at 132.) Thus, the PCR court held that Williams's allegations concerning the indictment were without merit. (Id.)

### ii.   Statements of Prior Bad Acts

At the PCR hearing, Williams testified that trial counsel conceded to Williams's prior burglary convictions during the opening and closing statements and during cross-examination of a state witness. (App. at 240; ECF No. 25-2 at 91.) Williams testified that the prior bad acts were "already stipulated before trial," and that the solicitor also referred to the prior burglary convictions during opening and closing statements. (App. at 241-42; ECF No. 25-2 at 92-93.) Williams stated that trial counsel did not object to the solicitor's publication of the prior bad acts at trial. (App. at 242; ECF No. 93.) Williams further testified that he was aware that having two prior burglaries was an element of his charge. (App. at 256; ECF No. 25-2 at 107.) Borsich testified that the solicitor stipulated to Williams's two prior burglaries and Borsich did not recall any dispute regarding the stipulation. (App. at 265-66; ECF No. 25-2 at 116-17.) Borsich testified that he did not recall whether he objected to the solicitor's publication of the prior burglary convictions to the jury. (App. at 267-68; ECF No. 25-2 at 118-19.) Borsich admitted that he did not remember any particular trial strategy or reason for not objecting to the solicitor's statements and conceded that he may have missed them. (App. at 269-70; ECF No. 25-2 at 120-21.)

In rejecting Williams's allegation of ineffective assistance of counsel in relation to the publication of prior bad acts to the jury, the PCR court held:

> This Court finds that counsel was not ineffective for failing to object to the solicitor's opening or closing statement, in which the solicitor referenced the stipulation that Applicant had two prior burglary convictions. Both sides stipulated that Applicant had two prior burglary convictions, which would be used as an element of the offense in question. The solicitor was merely reciting the elements of attempted

Page 16 of  20



burglary—1ˢᵗ degree in her opening and closing statements. This court finds that trial counsel was not ineffective for failing to object to a fact that was stipulated on the record.

(App. at 281; ECF No. 25-2 at 132.) The PCR court found that Williams "failed to present specific and compelling evidence that counsel committed either errors or omissions in his representation," and that Williams "failed to show that counsel's performance was deficient." (App. at 282; ECF No. 25-2 at 133.)

### iii. Failure to Challenge the Chain of Custody for Fingerprint Evidence

At the PCR hearing, Williams testified that trial counsel failed to object to the insufficiency of the chain of custody regarding a latent fingerprint image and failed to make a motion to quash such evidence. (App. at 248; ECF No. 25-2 at 99.) Williams testified that, according to South Carolina Law Enforcement Division ("SLED") protocol, fingerprint images have to be photographed both with and without a scale and officers presented no testimony at trial that SLED protocol was followed in Williams's case. (App. at 249-50; ECF No. 25-2 at 100-01.) Williams testified that he believed trial counsel was ineffective for failing to challenge the procedures used for photographing the fingerprint. (App. at 250-51; ECF No. 101-02.) Borsich testified that he did not recall any problems with the chain of custody for the fingerprint evidence in Williams's case and that he had sufficient time to prepare for trial. (App. at 266; ECF No. 25-2 at 117.)

In rejecting Williams's allegation of ineffective assistance of counsel in relation to the chain of custody for fingerprint evidence, the PCR court held that counsel was not ineffective for failing to challenge the chain of custody. (App. at 281; ECF No. 25-2 at 132.) In finding Williams's allegation without merit, the PCR court noted that counsel testified that he did not see any problem with the chain of custody and would have challenged the chain if any problem had existed. (Id.)



Thus, the PCR court concluded that Williams did "not meet his burden of proving counsel failed to render reasonable effective assistance." (App. at 282; ECF No. 25-2 at 133.)

    c.  **Conclusion**

Upon thorough review of the parties' briefs and the record in this matter, the court finds that Williams cannot demonstrate that the PCR court unreasonably misapplied clearly established federal law as decided by the Supreme Court in rejecting this claim or that the PCR court made objectively unreasonable factual findings. See Williams, 529 U.S. at 410; 28 U.S.C. § 2254(d), (e)(1). As observed by the Harrington court, "[t]he pivotal question is whether the state court's application of the Strickland standard was unreasonable. This is different from asking whether defense counsel's performance fell below Strickland's standard." Harrington, 131 S. Ct. at 785.

"In considering a claim again on a petition under 28 U.S.C. § 2254, a federal court owes considerable deference to the judgment entered in the state court proceeding." Yarbrough v. Johnson, 520 F.3d 329, 335 (4th Cir. 2008) (citing 28 U.S.C. § 2254(d), (e)). Moreover, Williams has the burden of rebutting by clear and convincing evidence the presumption that state court factual determinations are correct. 28 U.S.C. § 2254(e). In response to the respondent's motion for summary judgment, Williams essentially reiterates facts presented to the PCR court and facts presented in the instant Petition as support for his claims of ineffective assistance of counsel. (ECF No. 29.) Upon careful review of the transcript and the PCR court's order, for all of the reasons discussed by the PCR court, the court concludes that Williams has failed to establish that trial counsel's actions were error, much less that they were objectively unreasonable such that it rendered her performance deficient. Further, with regard to all of Williams's allegations of ineffective assistance of counsel, the PCR court found that Williams failed to prove that he was prejudiced by trial counsel's performance (App. at 282, ECF No. 25-2 at 133), and Williams has failed to



demonstrate that there is a reasonable probability that the result of the proceeding would have been different if trial counsel had challenged the indictment, objected to statements concerning Williams's prior bad acts which were stipulated to, or objected to the chain of custody regarding a latent fingerprint image. Strickland, 446 U.S. at 694. Therefore, Williams has not shown that the PCR court's analysis of these issues misapplied clearly established federal law or, even if there was an error, that it was unreasonable. See Williams, 529 U.S. at 410; see also Harrington, 131 S. Ct. at 785. Accordingly, Williams is not entitled to habeas relief on these grounds.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the respondent's motion for summary judgment (ECF No. 24) be granted and Williams's Petition denied.

*(signature)*
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 22, 2014
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).