## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

Vaughn Williams,          )      No. 0:13-cv-1005-RMG

      Petitioner,          )      **ORDER**

      vs.                 )

Joseph McFaden,        )

      Respondent.       )

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 33), recommending that Respondent's Motion for Summary Judgment be granted. For the reasons stated below, the Court **ADOPTS** the R & R. Accordingly, Respondent's Motion for Summary Judgment (Dkt. No. 24) is **GRANTED**.

### I. Background

Petitioner is an inmate with the South Carolina Department of Corrections. After a two-day trial in February of 2004, Petitioner was found guilty of attempted burglary in the first degree and sentenced to nineteen (19) years in prison. (Dkt. No. 25-2 at 62, 68). Petitioner appealed, and the South Carolina Court of Appeals dismissed the appeal and denied Petitioner's motion for rehearing. (Dkt. Nos. 25-6, 25-9).

Petitioner filed a PCR application, which was denied in its entirety on May 5, 2009. (Dkt. No. 25-2 at 128-34). Petitioner appealed, but the South Carolina Supreme Court dismissed the appeal for failure to show that the notice of appeal was timely served on respondent. (Dkt. No. 25-18). Petitioner filed a second *pro se* PCR application. With consent of the parties the PCR judge issued an order dismissing the second PCR application but granting Petitioner leave

to file a belated petition seeking appellate review of his first PCR application. (Dkt. No. 25-2 at 147-49). On March 7, 2013, the South Carolina Court of Appeals denied Petitioner's petition for writ of certiorari from the final order in Petitioner's first PCR action. (Dkt. No. 25-24).

Petitioner then filed this federal habeas corpus petition on April 15, 2013, raising the following grounds for relief, quoted verbatim:

**Ground One**: Insufficient of the Indictment/Ineffective Assistance of Counsel

**Ground Two**: Prior Bad Act/Ineffective Assistance of Counsel

**Ground Three**: Impeach state witness prior testimony on cross-examination of identifying defendant in out-of-court

**Ground Four**: Ineffective Assistance of Counsel/Insufficient of the chain of custody.

(Dkt. No. 1 at 5-9).

The Magistrate Judge recommended that summary judgment be granted to Respondent, finding (1) that Ground Three and part of Ground Four were not properly preserved in his state court proceedings, barring federal habeas review and (2) with regard to Ground One, Ground Two and part of Ground Four, Petitioner failed to show that the PCR court's rulings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law or that the PCR court rulings were based on an unreasonable determination of the facts in light of the State court proceeding. (Dkt. No. 33). Petitioner filed timely objections to the R&R. (*See* Dkt. No. 36).

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the

Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b). As to portions of the R & R to which no specific objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed. R. Civ. P. 72 advisory committee note). Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

Petitioner's claims are governed by 28 U.S.C. § 2254(d), which provides that his petition cannot be granted unless the claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). Importantly, "a determination of a factual issue made by a State court shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### III. Discussion

**A. Procedurally Barred Claims - Ground Three and Ground Four (Preservation of Evidence)**

The Magistrate Judge correctly found that these grounds were procedurally barred from federal habeas review.

A habeas petitioner must exhaust the remedies available to him in state court. 28 U.S.C. § 2254(b)(1). This requires a habeas petitioner to "fairly present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997), *overruled on other grounds by United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011). Procedural bypass, sometimes referred to as procedural bar or procedural default, occurs when a petitioner seeking habeas corpus relief failed to the raise the issue asserted in his habeas petition at the appropriate time in state court. Because the petitioner has no further means of raising the issue before the state courts, he is considered to have bypassed his state court remedies and is, thus, procedurally barred from raising the issue in a federal habeas proceeding. *See Smith v. Murray*, 477 U.S. 527, 533 (1986); *Weeks v. Angelone*, 176 F.3d 249, 272 n.15 (4th Cir. 1999) ("A claim is procedurally defaulted when it is rejected by a state court on an adequate and independent state procedural ground.").

Petitioner alleges that trial counsel failed to impeach a state witness (Ground Three) and failed to challenge the preservation of evidence (part of Ground Four). (Dkt. No. 1 at 8-10). However, these grounds are not specifically addressed in the PCR court's order. (*See* Dkt. No. 25-2 at 128-34). If the PCR court fails to address a claim as is required by S.C. Code Ann. 17-27-80, the applicant must make a Rule 59(e) motion to preserve the issue on appeal. *Marlar v. State*, 653 S.E.2d 266, 267 (S.C. 2007). Because Petitioner did not do so, he failed to fairly

-4-

present his claim to South Carolina's appellate courts and bypassed his state court remedies. Thus, as found by the Magistrate Judge, this issue is procedurally barred from federal habeas review unless Petitioner can show (1) cause for not complying with the state court's procedural rule (here, filing a Rule 59(e) motion) and (2) actual prejudice resulting from the alleged constitutional violation. *E.g., Yeatts v. Angelone*, 166 F.3d 255, 260 (4th Cir. 1999).

With regard to Ground Three, Petitioner does not object to or address the Magistrate Judge's finding that the claim is procedurally barred. (*See* Dkt. No. 36 at 13-16). Instead, he simply argues the merits of this claim. (*Id.*). With regard to Ground Four, Petitioner notes that the PCR court did address Petitioner's claim that trial counsel was ineffective for not challenging the chain of custody . (Dkt. No. 36). Petitioner is correct (*see* Dkt. No. 25-2 at 132), and, thus, this ground is not barred, was addressed on the merits by the Magistrate Judge (Dkt. No. 33 at 17), and is addressed by the Court below. However, to the extent that Petitioner makes a *separate* argument regarding preservation of evidence under Ground Four, this issue was not addressed by the PCR court and is procedurally barred.

Because Petitioner has not shown any cause for not complying with the state court's procedural rule and has not shown any actual prejudice, these grounds for relief are defaulted.

**B. Grounds One, Two, and Four: Ineffective Assistance of Counsel**

Where allegations of ineffective assistance of counsel are made, the question is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). First, the Petitioner must show that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth

Amendment. *Id.* at 687-88. Second, the Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Review by this Court of "[t]he standards created by *Strickland* and § 2254(d) are both highly deferential . . . and when the two apply in tandem, review is doubly so." *Harrington v. Richter*, 131 S.Ct. 770, 788 (2011). In applying § 2254(d), "the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland'* s deferential standard." *Id.*

Petitioner has alleged ineffective assistance of counsel for trial counsel's failure to challenge the indictment, failure to object to the solicitor's publication of prior bad acts, and failure to challenge the chain of custody. (Dkt. No. 1 at 5, 6-7, 8). In dismissing these claims, the PCR court found Petitioner's testimony not credible and trial counsel's testimony credible. (Dkt. No. 25-2 at 131). The PCR court credited trial counsel's testimony that he did not see any problems with the indictment or the chain of custody and that he would have challenged them if he did. (*Id.* at 132). The PCR court found the parties had stipulated that Petitioner had two prior burglary convictions, which would be used as and element of the offense charged, and that the solicitor "was merely reciting the elements of attempted burglary – 1st degree in her opening and closing statements."[1] (*Id.*) The PCR court found that trial counsel was not ineffective for failing to object to a stipulated fact. (*Id.*).

The Court agrees with the Magistrate Judge that Petitioner has failed to show that the PCR court's rulings on his ineffective assistance of counsel claims resulted in a decision that was

---

[1] Petitioner testified at the PCR hearing that he was aware that having two prior burglary convictions was an element of the charge against him. (Dkt. No. 25-2 at 107).

-6-

contrary to, or involved an unreasonable application of, clearly established Federal Law or that

the PCR court rulings were based on an unreasonable determination of the facts in light of the

State court proceeding. Petitioner has not presented clear and convincing evidence to rebut the

PCR court's factual findings and has failed to establish either prong of the *Strickland* analysis,

much less the heightened standard under § 2254(d). In his objections, Petitioner reiterates

arguments made to the PCR court[2] but does not present any arguments or evidence that would

over come the "considerable deference" that this Court owes "to the judgment entered in the state

court proceedings." *Yarbrough v. Johnson*, 520 F.3d 329, 335 (4th Cir. 2008). Therefore,

summary judgment is appropriate.

### IV. Conclusion

The Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. No. 33),

as the order of this Court. Accordingly, Respondent's Motion for Summary Judgment (Dkt. No.

24) is **GRANTED**.

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a
> substantial showing of the denial of a constitutional right.

> (c)(3) The certificate of appealability . . . shall indicate which specific issue or
> issues satisfy the showing required by paragraph (2).

---

[2] In his objections, Petitioner argues that the state trial court lacked jurisdiction due to an insufficient indictment. (Dkt. No. 36 at 8). However, whether the state court lacked subject matter jurisdiction is a question of state law, which is not cognizable in a federal habeas action. *See Wright v. Angelone*, 151 F.3d 151, 158 (4th Cir. 1998) (holding such a claim not cognizable "absent a showing of a 'complete miscarriage of justice.'").

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is DENIED.

**IT IS SO ORDERED**.

Richard Mark Gergel
United States District Judge

June 11, 2014
Charleston, South Carolina

-8-